James R. Akers, WBSB # 8083
**AKERS LAW OFFICES, PLLC**
P.O. Box 11206
Charleston, West Virginia  25339
Phone: (304) 720-1422
jb@akerslawoffices.com

Benjamin J. Sweet
**NYE STIRLING HALE & MILLER LLP**
1145 Bower Hill Road, Suite 104
Pittsburgh, Pennsylvania 15243
Phone: (412) 857-5350
ben@nshmlaw.com

*Additional counsel listed on signature page*

*Attorneys for Plaintiff ALEXANDER KEEFOVER, individually and on
behalf of all others similarly situated*

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY
FILED
Apr 30 2020
U.S. DISTRICT COURT
Northern District of WV

| | |
|---|---|
| ALEXANDER KEEFOVER, individually and on behalf of all others similarly situated, | Case No.   **1:20-CV-81 (Kleeh)** |
| Plaintiff, | |
| v. | |
| GOMART, INC., and DOES 1 through 5, | |
| Defendant. | |

## NATIONWIDE CLASS ACTION COMPLAINT

COMES NOW, Plaintiff Alexander Keefover, on behalf of himself and all others

similarly situated, and asserts as follows:

1.     Plaintiff brings this action individually and on behalf of all other similarly situated

mobility impaired/wheelchair bound persons, against GoMart, Inc., and Does 1 through 5

(referred to as "Defendants"), asserting violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"), and its implementing regulations, in connection with accessibility barriers in the bathrooms at various public accommodations owned, operated, controlled, and/or leased by Defendants ("Defendants' facilities").

2.       Plaintiff seeks reasonable attorneys' fees and costs on behalf of himself, and injunctive relief on behalf of the putative Class who has patronized or would like to patronize the facilities identified below.

## INTRODUCTION

3.       Plaintiff has a mobility disability and is limited in the major life activity of walking, which has caused him to use a wheelchair for mobility.

4.       Plaintiff visited Defendants' facilities and was denied full and equal access as a result of Defendants' inaccessible bathrooms.

5.       Plaintiff's experiences are not isolated—Defendants have systematically discriminated against individuals with mobility disabilities by providing purportedly accessible bathroom facilities that consistently violate the ADA's accessibility guidelines and routinely result in access barriers at Defendants' facilities.

6.       In fact, numerous facilities owned, controlled, and/or operated by Defendants have bathrooms that are inaccessible to individuals who rely on wheelchairs for mobility, demonstrating that the centralized decision-making Defendants employ with regard to the design, construction, alteration, maintenance, and operation of its facilities causes access barriers and/or allows them to develop and persist at Defendants' facilities.

7.       Unless Defendants are required to remove the access barriers described below, and required to change their policies, practices and procedures so that access barriers do not

reoccur at Defendants' facilities, Plaintiff and the proposed Class will continue to be denied full and equal access to those facilities as described and will be deterred from fully using Defendants' facilities.

8.      The ADA expressly contemplates injunctive relief aimed at modification of a policy or practice that Plaintiff seeks in this action.  In relevant part, the ADA states:

> [i]n the case of violations of . . . this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities . . ..  Where appropriate, injunctive relief shall also include requiring the . . . modification of a policy . . ..

42 U.S.C. § 12188(a)(2).

9.      Consistent with 42 U.S.C. § 12188(a)(2), Plaintiff seeks a permanent injunction requiring that:

a.   Defendants remediate all access barriers in bathrooms at Defendants' facilities, consistent with the ADA;

b.   Defendants change its policies, practices and procedures so that the common access barriers in the bathrooms at Defendants' facilities do not reoccur; and

c.   Plaintiff's representatives shall monitor Defendants' facilities to ensure the injunctive relief ordered pursuant to Paragraph 9.a. and 8.b. has been implemented and will remain in place.

10.     Plaintiff's claims for permanent injunctive relief are asserted as Class claims pursuant to Fed. R. Civ. P. 23(b)(2). Rule 23(b)(2) was specifically intended to be utilized in civil rights cases where the Plaintiff seeks injunctive relief for his or her own benefit and the benefit of a Class of similarly situated individuals. To that end, the note to the 1996 amendment to Rule 23 states:

> Subdivision(b)(2). This subdivision is intended to reach situations where a party has taken action or refused to take action with respect to a Class, and final relief of an injunctive nature or a corresponding declaratory nature, settling the legality of the behavior with respect to the Class as a whole, is appropriate . . ..
> Illustrative are various actions in the civil rights field where a party is charged

3

with discriminating unlawfully against a Class, usually one whose members are incapable of specific enumeration.

## THE ADA AND ITS IMPLEMENTING REGULATIONS

11.     The ADA was enacted nearly 30 years ago and is intended to "provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. § 12101(b)(1).

12.     The ADA broadly protects the rights of individuals with disabilities in employment, access to State and local government services, places of public accommodation, transportation, and other important areas of American life.

13.     Title III of the ADA generally prohibits discrimination against individuals with disabilities in the full and equal enjoyment of public accommodations, 42 U.S.C. § 12182(a), and prohibits places of public accommodation, either directly or through contractual, licensing, or other arrangements, from outright denying individuals with disabilities the opportunity to participate in a place of public accommodation, 42 U.S.C. § 12182(b)(1)(A)(i), or denying individuals with disabilities the opportunity to fully and equally participate in a place of public accommodation, 42 U.S.C. § 12182(b)(1)(A)(ii).

14.     Title III further prohibits places of public accommodation from utilizing methods of administration that have the effect of discriminating on the basis of a disability. 42 U.S.C. § 12182(b)(1)(D).

15.     Title III and its implementing regulations define discrimination to include:

a)  Failure to remove architectural barriers when such removal is readily achievable for places of public accommodation that existed prior to January 26, 1992, 28 C.F.R. § 36.304(a) and 42 U.S.C. § 12182(b)(2)(A)(iv);

b)  Failure to design and construct places of public accommodation for first occupancy after January 26, 1993, that are readily accessible to and usable by individuals with disabilities, 28 C.F.R. § 36.401 and 42 U.S.C. § 12183(a)(1);

c) For alterations to public accommodations made after January 26, 1992, failure to make alterations so that the altered portions of the public accommodation are readily accessible to and usable by individuals with disabilities, 28 C.F.R. § 36.402 and 42 U.S.C. § 12183(a)(2); and

d) Failure to maintain those features of public accommodations that are required to be readily accessible to and usable by persons with disabilities, 28 C.F.R. § 36.211.

16.     The remedies and procedures set forth at 42 U.S.C. § 2000a-3(a) are provided to any person who is being subjected to discrimination on the basis of disability or who has reasonable grounds for believing that such person is about to be subjected to discrimination in violation of 42 U.S.C. § 12183.  42 U.S.C. 12188(a)(1).

17.     The ADA also provides for specific injunctive relief, which includes the following:

In the case of violations of sections 12182(b)(2)(A)(iv) and section 12183(a) of this title, injunctive relief shall include an order to alter facilities to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by this subchapter.  Where appropriate, injunctive relief shall also include . . . modification of a policy . . . to the extent required by this subchapter.

42 U.S.C. § 12188(a)(2); 28 C.F.R. § 36.501(b).

## JURISDICTION AND VENUE

18.     This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 12188.

19.     Plaintiff's claims asserted herein arose in this judicial district, and Defendants do substantial business in this judicial district.

20.     Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2) in that this is the judicial district in which a substantial part of the events and/or omissions at issue occurred.

///

5

**PARTIES**

21.     Plaintiff Alexander Keefover is, and at all times relevant hereto was, a resident of Fairmont, West Virginia. Plaintiff has cerebral palsy and uses a wheelchair for mobility. Plaintiff's cerebral palsy is mixed choreoathetosis and spasticity (since birth).

22.     Plaintiff has a Bachelor of Science in mathematics, with a minor in computer science, and a M.Ed. in Digital Media, New Literacies & Learning. His official job title is "Program Assistant II" and his internal job title is "Instructional Designer." Plaintiff likes to play Challenger League Baseball, play video games, and read.

23.     Plaintiff is a member of a protected Class under the ADA, 42 U.S.C. § 12102(2), and the regulations implementing the ADA set forth at 28 C.F.R. §§ 36.101 *et seq*.

24.     Defendant GoMart, Inc. is a convenience store chain based in Gassaway, West Virginia. The company currently operates over 100 stores throughout West Virginia, Virginia, Kentucky, and Ohio, and is incorporated in the State of Delaware.

25.     Defendants' facilities are places of public accommodation as defined in 42 U.S.C. §12181(7)(G) and are therefore subject to the requirements of the ADA.

26.     The true names and capacities, whether individual, corporate, associate, or otherwise of the Defendants named herein as Does 1 through 5, are unknown to Plaintiff at this time. Plaintiff will amend this Complaint to assert their true names and capacities when known. Plaintiff is informed and believe and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences alleged in this Complaint.

27.     Plaintiff asserts that Defendants, including Doe Defendants, and each of them at all times mentioned in this Complaint, were the alter egos, agents and/or employees and/or employers of their Co-Defendants and in doing the things alleged in this Complaint were acting

within the course of such agency and/or employment and with the permission and consent of their Co-Defendants.

## FACTUAL ASSERTIONS

### I.   Plaintiff Has Been Denied Full and Equal Access to Defendants' Facilities

28.     Because of his cerebral palsy, Plaintiff uses a wheelchair for mobility. Plaintiff has visited and patronized GoMarts within the State of West Virginia regularly and has experienced discrimination at such convenience stores as more fully set forth below. Plaintiff is being deterred from patronizing GoMarts but intends to return to these stores for the dual purpose of availing himself of the goods and services offered to the public at such stores, and to ensure that those stores cease evading their responsibilities under federal law. He intends to return to GoMarts regularly in the future, at least 6-10 times per year, but is deterred by the inaccessible conditions as set forth herein.

29.     Plaintiff has been, and continues to be, adversely affected by Defendants' violations of the ADA. Plaintiff has suffered direct and indirect injury as a result of Defendants' actions and/or omissions as described herein.

30.     Plaintiff has reasonable grounds to believe that Defendants will continue to subject him and other disabled individuals to discrimination in violation of the ADA, given that Defendants have failed to bring existing stores into compliance for over ten years and have allowed new stores to be constructed that were similarly out of compliance.

31.     Defendant GoMart, Inc., at all relevant times to this litigation, acted, or failed to act, by and through its officers, representatives, subsidiaries, agents, workers and/or its employees.

32.     As a result of Defendants' non-compliance with the ADA, Plaintiff's ability to access and safely use Defendants' facilities has been significantly impeded.

33.     Plaintiff will be deterred from returning to and fully and safely accessing Defendants' facilities, however, so long as Defendants' facilities remain non-compliant, and so long as Defendants continues to employ the same policies and practices that have led, and in the future will lead, to inaccessibility at Defendants' facilities.

34.     Without injunctive relief, Plaintiff will continue to be unable to fully and safely access Defendants' facilities in violation of his rights under the ADA.

35.     As an individual with a mobility disability who uses a wheelchair, Plaintiff is directly interested in whether public accommodations, like Defendants' facilities, have architectural barriers that impede full accessibility to those accommodations by individuals with mobility-related disabilities.

## II.     Defendants Repeatedly Deny Individuals With Disabilities Full and Equal Access to Defendants' Facilities

36.     As the owner and manager of their properties, Defendants employ centralized policies, practices, and procedures with regard to the design, construction, alteration, maintenance, and operation of their facilities.

37.     To date, Defendants' centralized design, construction, alteration, maintenance, and operational policies and practices have systematically and routinely violated the ADA by designing, constructing, and altering facilities so that they are not readily accessible and are usable, by failing to remove architectural barriers, and by failing to maintain and operate facilities so that the accessible features of Defendants' facilities are maintained.

38.     In March 2020, Plaintiff visited the GoMart located at 2395 White Hall Boulevard, in Fairmont, West Virginia, to purchase convenience store items and suffered

8

discrimination as a result of being denied full and equal access. Specifically, this store denied Plaintiff equal access because it did not provide an accessible restroom area, nor an accessible approach to the restroom. The overall dimenson of the toilet rooms were far below what was necessary for Plaintiff to maneuver in his wheelchair. Specifically, the toilet room had a narrow stall, which created a barrier to Plaintiff's wheelchair, preventing him from being able to enter the stall to wheel up beside the toilet for a side transfer to the fixture. Larger wheelchairs may not be able to swing into the stall at all. In the Men's toilet room, the first stall was a foot and a half short of the length required to allow his wheelchair access. The standard stall next to it measured only 2'-9" in width and the remaining space around the lavatory measured 4'-11" in width. This room was not deep enough to provide the width on approach to the accessible stall between the other stall and the adjacent wall. Finally, Plaintiff was deterred from washing his hands because the pipes under the sink were not covered and he feared burning his legs. As a result, Plaintiff was unable to use the restroom.

39.     Plaintiff has retained attorneys to prosecute the claims alleged herein, who in turn retained professional building experts to investigate, identify, and document Defendants' discriminatory barriers. Specifically, Plaintiff's investigation identified four (4) distinct architectural barriers – first, a failure to provide bathroom stalls of at least 60" in width ("Stall Width Issue"), second, a failure to provide an accessible interior route to the purportedly accessible bathrooms ("Interior Route Issue"), third, a failure to provide adequate accessible bathroom signs on the walls ("Accessible Bathroom Signage Issue") and fourth, a failure to provide an accessible route from the parking area to the store entrance ("Exterior Route Issue") throughout Defendant's store network.

40.     The Accesible Bathroom Signage Issue is present at each of the 23 Go Mart locations surveyed.

41.     The Stall Width Issue is present 16 of the 23 locations surveyed, including:

2395 White Hall Bouelevard, Fairmont, WV

2 Weaver Street, Grafton, WV

105 North Pike Street, Grafton, WV

1722 Beverly Pike, Elkins, WV

S. Kanawha Street, Backhannon, WV

306 Center Avenue, Weston, WV

3157 State Street, Gassaway, WV

2960 Sutton Lane, Sutton, WV

4227 Sutton Lane, Sutton, WV

Jane Lew Exit of I79, Jane Lew, WV

55 Postal Plaza, Morgantown, WV

701 Fairmont Avenue, Fairmont, WV

408 Buckhannon Pike, Nutter Fort, WV

Milford Street, Clarksburg, WV

90 Woodberry Lane, Parkersburg, WV

1401 Staunton Ave., Parkersburg, WV

42.     The Interior Route Issue is present at 11 surveyed locations, including:

2 Weaver Street, Grafton, WV

South Kanawha Street, Buckhannon, WV

South Lewis Street, Glenville, WV

55 Postal Plaza, Morgantown, WV

701 Fairmont Avenue, Fairmont, WV

1525 Johnson Avenue, Bridgeport, WV

Milford Street, Clarksburg, WV

1401 Staunton Avenue, Parkersburg, WV

3308 Murdock Avenue, Parkersburg, WV

2850 Pike Street, Parkersburg, WV

2395 White Hall Boulevard, Fairmont, WV

43.     The Exterior Route Issue is present at the following surveyed locations:

2 Weaver Street, Grafton, WV

105 North Pike Street, Grafton, WV

699 Railroad Avenue, Elkins, WV

S. Kanawha Street, Backhannon, WV

10 South Lewis Street, Glenville, WV

701 Fairmont Avenue, Fairmont, WV

1525 Johnson Avenue, Bridgeport, WV

809 West Main Street, Bridgeport, WV

Milford Street, Clarksburg, WV

1602 St. Mary's Avenue, Parkersburg, WV

44.     The aforementioned violations are ongoing and continue to result in Plaintiff and unnamed mobility impaired class members suffering discrimination as a result of being denied full and equal access to these stores.

11

45.     Defendants have discriminated and continue to discriminate against Plaintiff and other similarly situated persons by failing to, *inter alia*, provide accessible facilities, as required by the ADA.  In all, the investigation revealed the following architectural barrier violations at the 23 surveyed Go Mart locations, which continue to adversely impact Plaintiff and others similarly situated:

a.  **2 Weaver Street, Grafton, WV**

    i.   **Violation 1**: No compliant accessible parking provided (steep built-up curb ramp in access aisle)

    ii.   **Violation 2:** No accessible route to store entrance (narrows to less than 32" at columns and displays)

    iii.   **Violation 3:** No accessible interior route to restrooms provided (crowded at restroom door, with no 12" push clearance)

    iv.   **Violation 4:** No accessible restroom signs mounted on wall (No non-tactile or Braille mounted on the face of the narrow door)

    v.   **Violation 5:** No maneuvering space provided in restroom (the total room width is only 57")

    vi.   **Violation 6**: Minimum approach to toilet/stall is not provided (again, the total room width is only 57")

    vii.   **Violation 7**:  (there is a urinal fixture in the space)

    **viii.**   **Violation 8**: No compliant grab bars provided (No rear wall bar, sidewall bar mounted low)

b.  **105 N. Pike Street, Grafton, WV**

    i.   **Violation 1**: No compliant accessible parking provided (no sign)

    ii.  **Violation 2:** No accessible route to store entrance (built-up curb ramp)

    iii.  **Violation 3:** No accessible restroom signs mounted on wall (on face of out-swinging door)

    iv.  **Violation 4**: The 60" min. toilet stall width is not provided (there is a urinal fixture in the space)

**c.  699 Railroad Ave., Elkins, WV**

    i.  **Violation 1:** No accessible route to store entrance (curb ramp has no top landing)

    ii.  **Violation 2:** No accessible restroom signs mounted on wall (pull side on face door)

    **iii.  Violation 3**: No compliant grab bars provided (36" grab bar on side wall)

**d.  1722 Beverly Pike, Elkins, WV:**

    i.  **Violation 1:** No accessible restroom signs mounted on wall (Pull side on face door)

    ii.  **Violation 2**: Minimum approach to toilet/stall is not provided (approach narrows in front of small standard door)

    iii.  **Violation 3**: The 60" min. toilet stall width is not provided (stall is only 42 ¼" wide)

**e.  S Kanawha St., Buckhannon, WV:**

    i.  **Violation 1**: No compliant accessible parking provided (pie-shaped aisle)

    ii.  **Violation 2:** No accessible route to store entrance (corner curb ramp)

    iii.  **Violation 3:** No accessible interior route to restrooms provided (narrowing through the interior route to the restroom)

iv.   **Violation 4:** No accessible restroom signs mounted on wall (pull-side on face door)

v.   **Violation 5:** No maneuvering space provided in restroom (narrow single-user toilet room)

vi.   **Violation 6**: The 60" min. toilet stall width is not provided

vii.   **Violation 7**: No compliant grab bars provided (24" rear wall grab bar)

f.   **306 Center Ave., Weston, WV:**

i.   **Violation 1:** No accessible restroom signs mounted on wall (pull-side on face of door)

ii.   **Violation 2**: Minimum approach to toilet/stall is not provided (approach narrows in front of old standard stall)

iii.   **Violation 3**: The 60" min. toilet stall width is not provided (stall is only 42 ¼" wide)

g.   **10 S. Lewis Street, Glenville, WV**

i.   **Violation 1:** No accessible route to store entrance (narrows by vehicular way)

ii.   **Violation 2:** No accessible interior route to restrooms provided (28" restroom doors very narrow)

iii.   **Violation 3:** No accessible restroom signs mounted on wall (Non-tactile or Braille and mounted on door with knob-type hardware)

iv.   **Violation 4**: No compliant grab bars provided (None provided)

h.   **3157 State Street, Gassaway, WV**

i.   **Violation 1**: No compliant accessible parking provided (sloped up to curb)

  ii. **Violation 2:** No accessible restroom signs mounted on wall (Non-tactile or Braille mounted on door with knob-type hardware)

  iii. **Violation 3**: The 60" min. toilet stall width is not provided 45-1/4" width, 19-1/2" centerline)

**i. 501 Elk Street, Gassaway, WV**

  i. **Violation 1:** No accessible route to store entrance (steep curb ramp)

  ii. **Violation 2:** No accessible restroom sign mounted on wall (Non-tactile or Braille mounted on the face of the narrow 32 door)

  iii. **Violation 3:** No maneuvering space provided in restroom (only 8" pull side latch side clear at door)

  iv. **Violation 4**: The 60" min. toilet stall width is not provided (there is a urinal fixture in the space)

**j. 2960 Sutton Ln, Sutton, WV**

  i. **Violation 1:** No accessible restroom signs mounted on wall (Non-tactile or Braille mounted on the face of the door)

  ii. **Violation 2:** No maneuvering space provided in restroom (Entrance door does not swing open to 90 degrees)

  iii. **Violation 3**: The 60" min. toilet stall width is not provided (36" wide)

  **iv. Violation 4**: No compliant grab bars provided (24" rear wall and parallel bars on sidewall)

**k. 4247 Sutton Ln., Sutton, WV**

  i. **Violation 1:** No accessible restroom signs mounted on wall (mounted on pull side of out swinging door)

    ii.  **Violation 2**: Minimum approach to toilet/stall is not provided (only 39")

    iii.  **Violation 3**: The 60" min. toilet stall width is not provided (only 42 ¼")

**l.  Jane Lew Exit I79, Jane Lew**

    i.  **Violation 1:** No accessible restroom signs mounted on wall (mounted on pull side of out swinging door)

    ii.  **Violation 2**: Minimum approach to toilet/stall is not provided (39 ¼")

    iii.  **Violation 3**: The 60" min. toilet stall width is not provided (43 ½" wide)

**m.  55 Postal Plaza, Morgantown, WV**

    i.  **Violation 1**: No compliant accessible parking provided no sign)

    ii.  **Violation 2:** No accessible interior route to restrooms provided (Racks encroach Women's Door)

    iii.  **Violation 3:** No accessible restroom signs mounted on wall (Non-tactile or Braille mounted on the face of the door)

    iv.  **Violation 4**: The 60" min. toilet stall width is not provided (lavatory encroaches to 40")

    v.  **Violation 5**: No compliant grab bars provided (No 24" rear wall grab bar)

**n.  701 Fairmont Ave., Fairmont, WV**

    i.  **Violation 1**: No compliant accessible parking provided (pie-shaped aisle)

    ii.  **Violation 2:** No accessible route to store entrance (Curb Ramp covered in DW Domes)

    iii.  **Violation 3:** No accessible interior route to restrooms provided (Cooler encroaches latch side approach)

    iv. **Violation 4:** No accessible restroom signs mounted on wall (mounted on the face of the out-swinging door)

    v. **Violation 5**: The 60" min. toilet stall width is not provided (Urinal encroaches clear floor space)

o. **1525 Johnson Ave., Bridgeport, WV**

    i. **Violation 1**: No compliant accessible parking provided (pie-shaped aisle)

    ii. **Violation 2:** No accessible route to store entrance (Curb Ramp covered in DW Domes)

    iii. **Violation 3:** No accessible interior route to restrooms provided (ATM and Product encroach door approach)

    iv. **Violation 4:** No accessible restroom signs mounted on wall (mounted low on the face of the door)

    v. **Violation 5:** No maneuvering space provided in restroom (Only 9" Maneuvering at inside of entrance door)

    vi. **Violation 6**: No compliant grab bars provided (L type grab bar is out 2" from the wall in back.)

p. **809 West Main Street, Bridgeport, WV**

    i. **Violation 1**: No compliant accessible parking provided

    ii. **Violation 2:** No accessible route to store entrance

q. **408 Buckhannon Pike, Nutter Fort, WV**

    i. **Violation 1:** No accessible restroom signs mounted on wall (mounted on pull side of out swinging door)

    ii.   **Violation 2**: Minimum approach to toilet/stall is not provided (width is only 39 ¼")

    iii.   **Violation 3**: The 60" min. toilet stall width is not provided (width is only 41 ½")

**r.  Milford Street, Clarksburg, WV**

    i.   **Violation 1**: No compliant accessible parking provided (pie-shaped aisle)

    ii.   **Violation 2:** No accessible route to store entrance (Curb Ramp covered in DW Domes)

    iii.   **Violation 3:** No accessible interior route to restrooms provided (Product encroaches latch side approach)

    iv.   **Violation 4:** No accessible restroom signs mounted on wall (mounted on pull side of out swinging door)

    v.   **Violation 5**: The 60" min. toilet stall width is not provided Urinal encroaches at 45-1/2")

**s.  90 Woodberry Lane, Parkersburg, WV**

    i.   **Violation 1:** No accessible restroom signs mounted on wall (mounted on pull side of out swinging door)

    ii.   **Violation 2**: Minimum approach to toilet/stall is not provided (width is only 39 ¼")

    iii.   **Violation 3**: The 60" min. toilet stall width is not provided (41-1/4" width, and 20" Toilet centerline)

**t.  1401 Staunton Ave., Parkersburg, WV**

      i.  **Violation 1:** No accessible interior route to restrooms provided (Product Racks encroach Men's Room Door)

     ii.  **Violation 2:** No accessible restroom signs mounted on wall (mounted on pull side of out swinging door)

   iii.  **Violation 3**: The 60" min. toilet stall width is not provided (59" wide)

**u.  3308 Murdock Avenue, Parkersburg, WV**

      i.  **Violation 1:** No accessible interior route to restrooms provided (Product racks encroach restroom door)

     ii.  **Violation 2:** No accessible restroom signs mounted on wall (mounted on pull side of out swinging door)

**v.  1602 St Marys Ave., Parkersburg, WV**

      i.  **Violation 1**: No compliant accessible parking provided (Steep slopes and faded lines)

     ii.  **Violation 2:** No accessible route to store entrance (steep curb ramp)

**w.  2850 Pike Street, Parkersburg, WV**

      i.  **Violation 3:** No accessible interior route to restrooms provided (product racks encroach restroom door)

     ii.  **Violation 4:** No accessible restroom signs mounted on wall (mounted on pull side of out swinging door)

**x.  2395 White Hall Boulevard, Fairmont, WV**

      **i.**  **Violation 1:** There are parking signs mounted on columns near the two accessible parking spaces in front of the store, that are mounted lower than the required 60" minimum**.**

  ii. **Violation 2:** The aisle ways approaching the restrooms are less than the minimum 36" accessible route, with turning space at aisle ends not in compliance.

  iii. **Violation 3:** The Toilet Room signs are mounted on the face of the out-swinging doors, where a person close to the sign reading the raised text or Braille could get struck by the swinging door.

  iv. **Violation 4:** Both toilet rooms have a narrow stall, which measures 42" wide instead of 60" minimum. This is a barrier to a person using a wheelchair from being able enter the stall to wheel up beside the toilet for a side transfer to the fixture. Larger wheelchairs may not be able to swing into the stall at all. The stall measures 58-1/4" deep to the stall door edge instead of 59" minimum for a stall with a floor-mounted toilet.

  v. **Violation 5:** The approach to the toilet stall in both toilet rooms is only 37-3/4" wide, instead of the required 42" minimum width.

  vi. **Violation 6:** There are coat hooks on the back of both toilet rooms' stall door that are mounted very high at 69-1/2" above the floor instead of 48" maximum.

  vii. **Violation 7:** The toilet centerlines in both toilet rooms are wide at 18-3/8" on center, rather than the required 16-18".

  viii. **Violation 8:** The toilet paper dispensers in both toilet rooms are located at 44-1/2" on-center from the back corner of the stall, rather than 36" maximum, or 7-9" from the front of the toilet.

    ix.  **Violation 9:** The accessible stall door in the Women's toilet has a lock that requires tight pinching and grasping to operate**.**

    x.  **Violation 10:** The lavatory in the Women's toilet room has knob-type hardware on the faucet that requires tight grasping and twisting to operate, instead of accessible lever handles.

    xi.  **Violation 11:** The pipes under the lavatory in both toilet rooms are not wrapped or protected.

    xii.  **Violation 12:** There are two existing payphones located outside the store entrance. They are both mounted too high to be within accessible reach range of 48" maximum to the highest operable part**.**

46.     Given that Plaintiff investigated only a portion of Defendants' store locations (*i.e.,* 23 of more than 100 store locations), the discriminatory violations described above are very likely not an exclusive or exhaustive list of Defendants' accessibility barriers, and, upon information and belief, there are other miscellaneous ADA violations at Defendants' stores.

47.     The correction of these violations is readily achievable, or Defendants are obligated to have their places of public accommodation readily accessible as defined by the ADA.

48.     The fact that individuals with mobility-related disabilities are denied full and equal access to numerous of Defendants' facilities, and the fact that each of these facilities deny access by way of inaccessible access and restroom and facilities, is evidence that the inaccessibility Plaintiff experienced is not isolated, but rather, is caused by Defendants' systemic disregard for the rights of individuals with disabilities.

49.     Defendants' systemic access violations demonstrate that Defendants either employ policies, procedures and practices that fail to design, construct, and alter its facilities so that they are readily accessible and usable and/or that Defendants employ maintenance and operational policies and practices that are unable to maintain accessibility.

50.     As evidenced by the widespread inaccessibility of Defendants' facilities, absent a change in Defendants' corporate policies, practices and/or procedures, access barriers are likely to reoccur in Defendants' facilities even after they have been remediated.

51.     Accordingly, Plaintiff seeks an injunction to remove the barriers currently present at Defendants' facilities and an injunction to modify the existing policies, practices and/or procedures that have created or allowed, and will create or allow, inaccessibility to affect Defendants' network of facilities.

## CLASS ASSERTIONS

52.     Plaintiff brings this Class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(2) on behalf of himself and the following nationwide Classes:

> All wheelchair users with qualified mobility disabilities who were denied the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of any GoMart, Inc., location in the United States as a result of (a) Stall Width Issues (the "Stall Width Class"), Interior Route Issues (the "Interior Route Class"), Bathroom Signage Issues (the "Bathroom Signage Class"), and/or Exterior Route Issues (the "Exterior Route Class")(collectively, the "Classes").

53.     Numerosity: The Classes described above are so numerous that joinder of all individual members in one action would be impracticable. In particular, statistical census data identifies West Virginia as the state with the highest percentage of disability (20.1%) of any state in the union, including 11.5% of the state population with reported ambulatory disabilities.[12] The

---

[1]See, https://disabilitycompendium.org/sites/default/files/user-uploads/2017_AnnualReport_2017_FINAL.pdf (last accessed April 6, 2020).

disposition of the individual claims of the respective members of the Classes through this Class action will benefit both the parties and this Court and will facilitate judicial economy.

54.     Typicality:  Plaintiff's claims are typical of the claims of the members of the Classes. The claims of Plaintiff and members of the Classes are based on the same legal theories and arise from the same unlawful conduct.

55.     Common Questions of Fact and Law: There is a well-defined community of interest and common questions of fact and law affecting members of the Classes in that they all have been and/or are being denied their civil rights to full and equal access to, and use and enjoyment of, Defendants' facilities and/or services due to Defendants' failure to make their facilities fully accessible and independently usable as above described. Among the questions of law and fact common to the Classes are:

    a.  Whether Defendant provides goods, services, programs, facilities, privileges, advantages, or accommodations to individuals with disabilities in an integrated setting;

    b.  Whether Defendants' stores have made reasonable modifications in policies, practices, and procedures when such modifications are necessary to afford such goods, services, programs, facilities, privileges, advantages, or accommodations to individuals with disabilities;

    c.  Whether Defendants have failed to take steps to ensure that individuals with disabilities are not excluded, denied services, segregated, or otherwise treated differently than other individuals because of the absence of auxiliary aids and services;

---

[2] See, https://www.disabilitystatistics.org/StatusReports/2012-PDF/2012-StatusReport_WV.pdf (last accessed April 6, 2020).

d.   Whether Defendants have failed to remove architectural and communication barriers in existing stores, where such removal is readily achievable and technically feasible, or have failed to make such goods, services, programs, facilities, privileges, advantages, or accommodations available through alternative methods, if removal of the barriers is not readily achievable or technically feasible;

e.   Whether Defendants have violated and/or continues to violate the ADA by denying equal access to disabled persons at places of public accommodation;

f.   Whether the ADA provides for injunctive relief.

56.   <u>Adequacy of Representation</u>: Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the members of the Class. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of the members of the Class, and he has no interests antagonistic to the members of the Class. Plaintiff has retained counsel who are competent and experienced in the prosecution of Class action litigation, generally, and who possess specific expertise in the context of Class litigation under the ADA.

57.   Class certification is appropriate pursuant to Fed. R. Civ. P. 23(b)(2) because Defendants have acted or refused to act on grounds generally applicable to the Class, making appropriate both declaratory and injunctive relief with respect to Plaintiff and the Class as a whole.

## **SUBSTANTIVE VIOLATION**

58.   The assertions contained in the previous paragraphs are incorporated by reference.

59.   Defendants' facilities were altered, designed, or constructed after the effective date of the ADA.

60.     Defendants' facilities are required to be altered, designed, and constructed so that they are readily accessible to and usable by individuals who use wheelchairs. 42 U.S.C. § 12183(a).

61.     Further, the accessible features of Defendants' facilities, which include the restroom and paths of travel, are required to be maintained so that they are readily accessible to and usable by individuals with mobility disabilities.  28 C.F.R. § 36.211.

62.     The architectural barriers described above demonstrate that Defendants' facilities were not altered, designed, or constructed in a manner that causes them to be readily accessible to individuals who use wheelchairs and/or that Defendants' facilities were not maintained so as to ensure that they remained accessible to and usable by individuals who use wheelchairs.

63.     Furthermore, the architectural barriers described above demonstrate that Defendants has failed to remove barriers as required by 42 U.S.C. § 12182(b)(2)(A)(iv).

64.     Defendants' repeated and systemic failures to design, construct, and alter their facilities so that they are readily accessible and usable, to remove architectural barriers, and to maintain the accessible features of their facilities constitute unlawful discrimination on the basis of a disability in violation of Title III of the ADA.

65.     Defendants' facilities are required to comply with the Department of Justice's 2010 Standards for Accessible Design, or in some cases the 1991 Standards. 42 U.S.C. § 12183(a)(1); 28 C.F.R. § 36.406; 28 C.F.R., pt. 36, app. A.

66.     Defendants are required to provide individuals who use wheelchairs full and equal enjoyment of their facilities.  42 U.S.C. § 12182(a).

67.     Defendants have failed, and continue to fail, to provide individuals who use wheelchairs with full and equal enjoyment of their facilities.

68.     Defendants have discriminated against Plaintiff and the Class in that they have failed to make Defendants' facilities fully accessible to, and independently usable by, individuals who use wheelchairs in violation of 42 U.S.C. § 12182(a) as described above.

69.     Defendants' conduct is ongoing and continuous, and Plaintiff has been harmed by Defendants' conduct.

70.     Unless Defendants are restrained from continuing their ongoing and continuous course of conduct, Defendants will continue to violate the ADA and will continue to inflict injury upon Plaintiff and the Class.

71.     Given that Defendants have not complied with the ADA's requirements to make Defendants' facilities fully accessible to, and independently usable by, individuals who use wheelchairs, Plaintiff invokes his statutory rights to declaratory and injunctive relief, as well as costs and attorneys' fees.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and the members of the Class, prays for:

a.      A declaratory judgment that Defendants are in violation of the specific requirements of Title III of the ADA described above, and the relevant implementing regulations of the ADA, in that Defendants' facilities, as described above, are not fully accessible to, and independently usable by, individuals who use wheelchairs;

b.      A permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 C.F.R. § 36.501(b) that: (i) directs Defendants to take all steps necessary to remove the architectural barriers described above and to bring their facilities into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the facilities are fully accessible to, and independently usable by, individuals who use wheelchairs; (ii)  directs Defendants to change their policies and practices to prevent the reoccurrence of access barriers post-remediation; and (iii) directs that Plaintiff shall monitor Defendants' facilities to ensure that the injunctive relief ordered above remains in place.

c.      An Order certifying the Classes proposed by Plaintiff, naming Plaintiff as representative of the Classes, and appointing his counsel as Class counsel;

d.      Payment of costs of suit;

e.      Payment of reasonable attorneys' fees pursuant to 42 U.S.C. § 12205 and 28 C.F.R. § 36.505; and

f.      The provision of whatever other relief the Court deems just, equitable, and appropriate.

Dated: April 30, 2020

Respectfully Submitted,

*/s/ James R. Akers*
James R. Akers, WBSB # 8083
**AKERS LAW OFFICES, PLLC**
P.O. Box 11206
Charleston, West Virginia  25339
Phone: (304) 720-1422
jb@akerslawoffices.com

Benjamin J. Sweet
**NYE STIRLING HALE & MILLER LLP**
1145 Bower Hill Road, Suite 104
Pittsburgh, Pennsylvania 15243
Phone: (412) 857-5350
ben@nshmlaw.com

Jonathan D. Miller
Alison M. Bernal
**NYE STIRLING HALE & MILLER LLP**
33 West Mission Street, Suite 201
Santa Barbara, California  93101
Phone: (805) 963-2345
jonathan@nshmlaw.com
alison@nshmlaw.com

*Attorneys for Plaintiff ALEXANDER KEEFOVER, individually and on behalf of all others similarly situated*